777 S.E.2d 834
## Re VIDEO HEARINGS Pilot Program in Richland County Probate Court.

Supreme Court of South Carolina.

Oct. 7, 2015.

## ORDER

Pursuant to the provisions of S.C. Const. Art. V, § 4, I find that the Probate Court Judges Advisory Committee has requested the use of video hearings for commitment hearings held by Probate Judges on the basis it would enhance the efficiency and security in courtroom proceedings, while maintaining the constitutional rights of the alleged mentally ill or chemically dependent person, the child in need of mental health treatment as defined in S.C.Code Ann. § 44–24–10(4), or the person with active tuberculosis. The purpose of this Order is to set forth procedures to be used in commitment hearings held pursuant to S.C.Code Ann. §§ 44–17–420, 44–17–540, 44–24–100, 44–31–105, 44–31–110, and 44–52–80 and review or supplemental hearings pursuant to S.C.Code Ann. §§ 44–17–580, 44–17–630, 44–24–170, 44–24–180, 44–31–130, 44–52–160 when the person is not present in the courtroom, but will appear at the hearing by videoconference, allowing the person to remain in the hospital or therapeutic setting of the institution.

IT IS ORDERED that a pilot program in Richland County Probate Court is established for the use of video hearings for commitment hearings. The Richland County Probate Court shall provide a report to the Chief Justice by January 4, 2016, evaluating the pilot program's effectiveness. The following procedures are approved on a pilot basis to be used in commitment hearings held pursuant to S.C.Code Ann. §§ 44–17–420, 44–17–540, 44–24–100, 44–31–105, 44–31–110, and 44–52–80 and review or supplemental hearings pursuant to S.C.Code Ann. §§ 44–17–580, 44–17–630, 44–24–170, 44–24–180, 44–31–130, 44–52–160:

1. The required court appointed attorney/Guardian ad Litem (GAL) pursuant to SC Code Ann. §§ 44–17–410(3),

44-24-60(F), 44-24-90(D), 44-52-60(E), and 44-52-70 may consent in writing and orally on the record for the person to appear at the hearing by videoconference, rather than in person. The attorney/Guardian ad Litem may be present in the courtroom or with the person in the institutional setting.

2. Equipment used to generate electronic transmission of signatures or other comparable equipment shall be available for transmission of documents between the judge, the GAL and the person, and signatures generated and transmitted pursuant to such equipment shall have the full force and effect of an actual signature, be acceptable for purposes of binding all parties to the contents of the documents, and releasing the person from an inpatient facility and other treatment orders as needed.

3. Equipment and facilities:

a. Locations provided for the person, the GAL, and the judge must be properly situated and furnished to be suitable for and conducive to judicial hearings. The locations must be sufficiently quiet and lighted for use of the video equipment and must also be furnished so as to apprise the person of the seriousness of the hearing.

b. At least two (2) video cameras must be provided, one to videoconference the person/GAL, and one to videoconference the judge. The cameras must also be capable of videoconferencing the examiners and other witnesses as necessary.

i. At least two (2) display monitors must be provided so that the person/GAL and judge can observe the proceedings at the other's location simultaneously and converse with each other.

ii. The room in which the judge is presiding should be accessible to any other interested parties determined appropriate by the presiding judge. Therefore, the monitor should be positioned so that interested parties can view the person/GAL. If necessary, additional monitors may be used.

c. A telephone line, cellular telephone, or video terminal must be provided, so that person and attorney/GAL can communicate in private when in different locations.

d. Two (2) printers, equipment used to generate the electronic transmission of signatures, or other comparable equipment, must be available so that court documents, witness statements, and other papers can be sent back and forth between the two locations and printed at both locations, if necessary. The person must also be allowed to confidentially exchange papers back and forth to attorney/GAL.

4. A recording of the hearing must be made and preserved as the official records of the hearing.

The provisions of this Order are effective immediately and shall remain in effect unless amended or rescinded by the Chief Justice.

s/Jean H. Toal
Jean H. Toal, Chief Justice